UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIONE ANDERSON,

    Plaintiff,

v.                                  CASE No. 8:13-CV-315-T-35TGW

JUDY LEIBFREID and
GLORIA RILEY,

    Defendants.
_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the <u>pro se</u> plaintiff's Motion for Leave to Proceed <u>In Forma Pauperis</u> and Affidavit of Indigency (Doc. 2) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for her complaint against the defendants.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the

action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the plaintiff has filed a vague and deficient financial affidavit (Doc. 2). The affidavit indicates that the plaintiff has $730 in monthly financial obligations, but states absolutely no source of income to meet those obligations (id., pp. 2-3).

Additionally, the plaintiff's complaint is procedurally inadequate (Doc. 1). Thus, there is not "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" or a statement of the grounds upon which the court's jurisdiction depends. Rule 8, F.R.Civ. P.

For the foregoing reasons, I recommend that the Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Doc. 2) be denied and that the case be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (ii).

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 7, 2013

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).